```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION
```

| | | |
|---|---|---|
| RIGGINGPRO, INC., and PTC ALLIANCE, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-08-3491 |
| CLARENDON AMERICA INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiffs Riggingpro, Inc., and PTC Alliance, Inc.'s Motion to Remand (Document No. 5). After having considered the motion, response, and applicable law, the Court concludes that the motion should be denied for the reasons that follow.

I.  Background

Riggingpro, Inc. is the named insured and PTC Alliance, Inc. is an additional insured under a commercial general liability insurance policy issued by Clarendon America Insurance Company.[1] At a 2004 bankruptcy sale, PTC Alliance purchased equipment located at a bankrupt party's 221 Scott Road, Fort Bend County, Texas, facility. At the same sale, Bernard Morello purchased the land and buildings located at the facility, and thereafter conveyed that

---

[1] Document No. 6, exs. B (Policy), C (Cert. of Ins.).

property to White Lion Holdings, L.L.C.--the plaintiff in the underlying suit.  PTC Alliance apparently contracted with Riggingpro to remove its newly acquired equipment from the property now owned by White Lion.  Riggingpro allegedly damaged the real estate while removing the equipment, and White Lion filed suit to recover damages from PTC Alliance and its contractor Riggingpro in 2005: the underlying suit.[2]  In the underlying Original Petition, White Lion alleged that it has suffered $78,550.56 in repair damages, plus lost rental income.  In June 2008, White Lion amended its Original Petition to allege $55,135.96 in repair damages, plus lost rental income, plus attorneys' fees.

PTC Alliance and Riggingpro filed the instant action in state court against Clarendon seeking a declaration that Clarendon is obligated to defend and to provide coverage for them in the underlying suit.[3]  Clarendon timely removed the case based on diversity jurisdiction.[4]  PTC Alliance and Riggingpro now move for remand, contending that the requisite amount in controversy is not met because the claims against PTC Alliance and Riggingpro in the underlying suit when this case was removed did not exceed $75,000.  According to PTC Alliance and Riggingpro, the damages sought in the

---

[2] Document No. 1, ex. 1-A (Underlying Orig. Pet.).

[3] Document No. 1, ex. 1 (Instant Orig. Pet.).

[4] Document No. 1.

underlying case (and inferentially this case) total "$55,135.96, excluding court costs and attorneys' fees."[5]

## II. Standard of Review

A defendant may remove to federal court a civil action over which the federal court has diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1441(b). Federal district courts have diversity jurisdiction over civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." Id. at § 1332(a). When a plaintiff moves to remand for lack of jurisdiction, the burden of establishing jurisdiction and the propriety of removal rests upon the defendant. Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995); Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992). Any doubt as to the propriety of the removal must be resolved in favor of remand. See Walters v. Grow Group, Inc., 907 F. Supp. 1030, 1032 (S.D. Tex. 1995).

## III. Discussion

"[T]he amount in controversy in an action for declaratory judgment is 'the value of the right to be protected or the extent of the injury to be prevented.'" Hartford Ins. Group v. Lou-Con

---

[5] Document No. 5.

Inc., 293 F.3d 908, 911 (5th Cir. 2002) (quoting St. Paul Reins. Co. v. Greenberg, 134 F.3d 1250, 1252-53 (5th Cir. 1998)).  When declaration is sought regarding coverage provided by an insurance policy, the value of the right to be protected is the "'[insurer's] potential liability under the policy,' plus potential attorneys' fees, penalties, statutory damages and punitive damages."  Id. at 911-12 (quoting St. Paul Reins. Co., 134 F.3d at 1253); Burlington Ins. Co. v. Valencia Co., 200 F.R.D. 283, 284 (E.D. Tex. 2001) (concluding in an insurance coverage case that "[t]he amount of indemnification, costs, and potential statutory remedies in the state action" are included in calculating the amount in controversy).

Here, at the time of removal,[6] Clarendon's potential liability included the $55,135.96 White Lion alleged as repair damages against Clarendon's insureds, plus White Lion's lost rental income for the three years since the damage occurred, plus any attorneys' fees awarded to White Lion, plus the costs associated with defending Clarendon's insureds in the underlying suit.[7]  See id.; 14B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3710 & n.19

---

[6] *See* Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of the removal.").

[7] Any attorneys' fees incurred by Clarendon in seeking *this* declaratory judgment were not included in calculating the amount in controversy because Clarendon is not entitled to recover attorneys' fees in federal court.  *See* Utica Lloyd's of Tex. v. Mitchell, 138 F.3d 208, 209-10 (5th Cir. 1998).

4

(3d ed. 1998) (adding to the amount in controversy the insured's potential defense costs in a case by the insurer seeking a declaration of noncoverage, citing Allstate Ins. Co. v. Dillard, 190 F. Supp. 111 (E.D. Pa. 1960)).  Although the elements of Clarendon's potential liability are known, the specific amount of damages Clarendon faces is not alleged.

"When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $[75],000."  Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (quoting De Aguilar v. Boeing ("De Aguilar I"), 11 F.3d 55, 58 (5th Cir. 1993)).  "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled.  The defendant must produce evidence that establishes that the actual amount in controversy exceeds $[75,000]."  De Aguilar v. Boeing Co. ("De Aguilar II"), 47 F.3d 1404, 1412 (5th Cir. 1995) (emphasis in original).  This may be accomplished in either one of two ways: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.'"  Grant v. Chevron Phillips Chem. Co., 309 F.3d

864, 868 & n.10 (5th Cir. 2002) (quoting Allen, 63 F.3d at 1335) (emphasis in original).

The declared claim for $55,135.96 in repair damages, plus loss rental income on a commercial property for three years (2004 to 2007), White Lion's request for attorneys' fees, and Clarendon's potential costs associated with defending Riggingpro and PTC Alliance in the underlying suit, in aggregate make it apparent that this controversy likely exceeds $75,000 in dispute, exclusive of interest and costs.  See Burlington Ins. Co., 200 F.R.D. at 284 (holding that the $75,000 amount in controversy threshold was reasonably met where the "terms of the insurance contract between [the parties was] $50,000" and the underlying state action requested, in addition, attorneys' fees and costs).  Accordingly, Riggingpro's and PTC Alliance's Motion to Remand is denied.

### IV.  Order

Accordingly, it is

ORDERED that Plaintiffs Riggingpro, Inc., and PTC Alliance, Inc.'s Motion to Remand (Document No. 5) is DENIED.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 23rd day of March, 2009.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE